OSCN Found Document:STATE ex rel. OKLAHOMA BAR ASSOCIATION v. HART

OSCN navigation

Home

Courts

Court Dockets

Legal Research

Calendar

Help

Previous Case

Top Of Index

This Point in Index

Citationize

Next Case

Print Only

STATE ex rel. OKLAHOMA BAR ASSOCIATION v. HART2014 OK 96Case Number: SCBD-6120Decided: 11/18/2014THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2014 OK 96, __ P.3d __

NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL
RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL.

STATE OF OKLAHOMA, ex rel. OKLAHOMA BAR ASSOCIATION,
Complainant,v.STEVEN ALLEN HART, Respondent.

BAR DISCIPLINARY PROCEEDING

¶0 Attorney Steven Allen Hart pled guilty to multiple criminal counts arising
out of three separate proceedings. Pursuant to Rule 7.2 of the Rules Governing
Disciplinary Proceedings, the Oklahoma Bar Association initiated a disciplinary
case and proffered the relevant district court filings and deferred sentences.
We entered an order of interim suspension and directed Hart to show cause why a
final order of discipline should not be imposed. We further urged Hart to
provide mitigating evidence in defense of the alleged ethical violations. Hart
failed to respond. We find the record supports suspension of Respondent's
license to practice law for a period of two years and one day.

IN ACCORDANCE WITH RULE 7.4 OF THE RULES
GOVERNINGDISCIPLINARY PROCEEDINGS, RESPONDENT IS
SUSPENDEDFROM THE PRACTICE OF LAW FOR TWO YEARS AND ONE
DAY.

Gina Hendryx, Oklahoma Bar Association, Oklahoma City, Oklahoma, for
Complainant

GURICH, J.
Facts and Procedural History
¶1 On April 18, 2014, the Oklahoma Bar Association presented this Court with
certified copies of court records and deferred sentences entered against Steven
Allen Hart in three separate criminal actions -- Tulsa County District Court
Case No. CF-2013-2533; Pawnee County District Court Case No. CM-2013-129; and
Tulsa County District Court Case No. CM-2013-4773. This disciplinary case was
initiated pursuant to Rule 7.2 of the Rules Governing Disciplinary
Proceedings.1
Hart was admitted to the OBA on October 2, 2001.
Tulsa County District Court Case No.
CF-2013-2533
¶2 On May 29, 2013, the Tulsa County District Attorney charged Hart with the
following crimes:

Count 1- Eluding a Police Officer (21 O.S. 540A);
Count 2- Driving Under the Influence of Alcohol (47 O.S. 11-902(A)(2));
Count 3- Reckless Driving (47
O.S. 11-901);
Count 4- Driving without a Driver's License (47 O.S. 6-303(A));
Count 5- Failure to Pay Taxes Due to State (47 O.S. 1151 (A)(5));
Count 6- Failure to Carry Insurance/Security Verification Form (47 O.S.
7-606).
On January 23, 2014, Hart entered a plea of nolo contendere to all six
counts. Subsequently, the trial judge entered an order deferring sentencing
until January 9, 2017.
Pawnee County District Court Case No.
CM-2013-129
¶3 Respondent was additionally charged on June 10, 2013, in the District
Court of Pawnee County, Case No. CM-2013-129, with four counts of violating a
protective order. An emergency protective order had been issued against Hart on
May 8, 2013, in the District Court of Tulsa County, Silva A. Little vs.
Steven Allen Hart, Case No. PO-2013-1346. A copy of this protective order
was served upon Hart the same day it was issued. Hart acknowledged contacting
the victim repeatedly and entered a plea of guilty to all four counts on January
28, 2014, and the trial court imposed a one-year deferred sentence.
Tulsa County District Court Case No.
CM-2013-4773
¶4 A third criminal proceeding was initiated against Hart on October 9, 2013,
in the District Court of Tulsa County, Case No. CM-2013-4773. Therein, Hart was
charged with one misdemeanor count of again violating the May 8, 2013 protective
order. Hart entered a guilty plea to the charge on February 18, 2014, and the
trial judge issued an order deferring sentencing for a period of three years, to
run concurrently with Tulsa County Case No. CF-2013-2533.
¶5 Upon notification of Hart's deferred sentences in each criminal case, the
Oklahoma Bar Association initiated a disciplinary proceeding pursuant to RGDP
Rule 7.2. Based on the criminal records submitted by the OBA, we issued an order
of interim suspension on May 5, 2014. Therein, we instructed Hart to "show cause
in writing why a final order of discipline should not be imposed, to request a
hearing [before the PRT], or to file a brief and any evidence tending to
mitigate the severity of discipline." Hart failed to respond.2 The OBA offered its response
and recommended suspending Hart for a period of two years and one day.
Standard of Review
¶6 This Court is vested with exclusive and original jurisdiction over
attorney disciplinary proceedings. State of Oklahoma ex rel. Okla. Bar Ass'n
v. Cooley, 2013 OK 42, ¶ 4,
304 P.3d 453, 454. Our objective
in attorney disciplinary cases is to regulate the practice of law in such a
manner as is necessary to "safeguard the interests of the public, the judiciary,
and the legal profession." Id. As in other bar disciplinary matters, we
review each aspect of a Rule 7 proceeding de novo. Id. ¶ 4, 304 P.3d at
454.
Analysis
¶7 RGDP Rule 7 provides a mechanism for conducting disciplinary proceedings
on a summary basis. This provision is invoked when a lawyer "has been convicted
or has tendered a plea of guilty or nolo contendere pursuant to a deferred
sentence plea agreement in any jurisdiction of a crime which demonstrates such
lawyer's unfitness to practice law." RGDP Rule 7.1. It is commenced by
submission of certified copies of the conviction or deferred sentence to the
Chief Justice. RGDP Rule 7.2. A deferred sentence is deemed conclusive evidence
of an attorney's commission of criminal act(s) in a disciplinary case initiated
under RGDP Rule 7. Id.; see also State of Oklahoma ex
rel. Okla. Bar Ass'n v. Kerr, 2012 OK 108, ¶ 3, 291 P.3d 198, 199.
¶8 A Rule 7 case requires our determination of two principal issues: 1)
whether any attorney's conviction(s) or deferred sentence(s) demonstrate an
unfitness to practice law, and if so, 2) the appropriate level of discipline
based on all facts and circumstances. Cooley, ¶ 2, 304 P.3d at 454. RGDP
Rule 7.3 requires us to immediately issue an order suspending the attorney on an
interim basis. Rule 7.3 further provides that upon a showing of good cause, this
Court may set aside the order of temporary suspension.
¶9 Our May 5, 2014 order afforded Hart an opportunity to show cause, if any,
why the interim suspension should be lifted during the pendency of the
disciplinary proceeding. In addition, the suspension order authorized Hart to
request a hearing before the Professional Responsibility Tribunal and to submit
evidence in mitigation of any final order imposing discipline. Hart declined to
respond or provide any mitigating evidence on his behalf. The OBA chose to
respond and recommended Hart be suspended for two years and one day. We are
therefore constrained to review the record submitted by the OBA. Our task will
be to evaluate the aforementioned criminal acts to determine whether they
demonstrate Hart's unfitness to practice law, and if so, impose the appropriate
discipline.
¶10 While a criminal conviction does not, ipso facto, establish an
attorney's unfitness to practice law under RGDP Rule 7, our decisions in such
disciplinary cases are guided by Rule 8.4 of the Oklahoma Rules of Professional
Conduct.3 ORPC
Rule 8.4(b) defines as professional misconduct, any criminal act which reflects
adversely on an attorney's "honesty, trustworthiness, or fitness as a lawyer."
State of Oklahoma ex rel. Okla. Bar Ass'n v. Conrady, 2012 OK 133, ¶ 7,
304 P.3d 453, 454 The comments
to Rule 8.4 are illustrative:

Many kinds of illegal conduct reflect adversely on fitness to practice
law, such as offenses involving fraud and the offense of willful failure to
file an income tax return. However, some kinds of offense carry no such
implication. Traditionally, the distinction was drawn in terms of offenses
involving "moral turpitude." That concept can be construed to include
offenses concerning some matters of personal morality, such as adultery and
comparable offenses, that have no specific connection to fitness for the
practice of law. Although a lawyer is personally answerable to the entire
criminal law, a lawyer should be professionally answerable only for offenses
that indicate lack of those characteristics relevant to law practice.
Offenses involving violence, dishonesty, breach of trust, or serious
interference with the administration of justice are in that category.
A pattern of repeated offenses, even ones of minor significance when
considered separately, can indicate indifference to legal
obligation. (emphasis added).
¶11 Hart pled guilty to one felony and multiple misdemeanor charges in three
separate criminal cases. Entering a plea of guilty or nolo contendre to a felony
charge has been viewed by this Court as satisfactory evidence of professional
misconduct. Conrady, ¶ 8, 201 P.3d at 136-137. Yet, we have also
explained that a felony conviction or deferred sentence does not require an
automatic finding of unfitness under the RGDP and ORPC. State of Oklahoma ex
rel. Okla. Bar Ass'n v. Bernhardt, 2014 OK 20, ¶ 19, 323 P.3d P.3d
222, 226. While it is true that the mere classification of a crime as a felony
or misdemeanor is not alone dispositive, Hart's plea to the felonious charge of
eluding police is an act of direct defiance of his oath to uphold and protect
the Oklahoma Constitution. We conclude Hart's plea to the felony charge of
eluding an officer was a violation of the ORPC. see e.g., In re
Disciplinary Proceedings Against Soldon, 782 N.W.2d 81, 83 (Wis. 2010)
(conviction for felony eluding police was a violation of Wisconsin SCR
20:8.4(b)).
¶12 Further, as the Comments to Rule 8.4 recognize, repeated criminal
transgressions are indicative of an unfitness to practice law. In the present
case, Hart was charged with eleven separate criminal counts, in three separate
cases, over a period of less than six months. The bulk of these charges stemmed
from violating victim's protective orders, indicating a willful indifference for
judicial orders and a disregard for the rule of law. We view this pattern of
disobedience as a direct reflection of Hart's unfitness to practice law.
¶13 Criminal misconduct need not be directly related to the practice of law
or involve injury to clients. State of Oklahoma ex rel. Okla. Bar Ass'n v.
Aston, 2003 OK 101, ¶ 11, 81 P.3d 676, 678 (recognizing
fitness to practice law, as contemplated by ORPC Rule 8.4(b), "encompasses more
than an absence of detriment to specific clients"). Recently, we issued an order
suspending an attorney for two years based on his guilty plea to charges of
domestic assault and battery. State of Oklahoma ex rel. Okla. Bar Ass'n v.
Zannotti, 2014 OK 25, ¶ 25,
330 P.3d 11, 17. We concluded
Mr. Zannotti's criminal acts amounted to "a serious breach of a lawyer's ethical
duty. . ." and were violations of ORPC Rules 8.4(b) and RGDP Rule 1.3.
Id. at ¶¶ 24-25. see also Bernhardt, ¶ 29, 323 P.3d
at 228 (holding that attorney's repeated DUI offenses established a pattern of
indifference to legal obligations and reflects adversely on legal profession);
State of Oklahoma ex rel. Okla. Bar Ass'n v. Wilcox, 2014 OK 1, ¶ 55, 318 P.3d 1114, 1130 (concluding
conviction for stalking wife of local judge was demonstrative of attorney's lack
of respect for the judiciary).
¶14 Hart's guilty pleas to multiple charges of violating a victim's
protective order reflects a willful indifference for judicial orders, and
therefore, a disregard for the rule of law. The remaining charges, although not
directly related to following a court order or Hart's professional practice,
nevertheless reflect an air of contempt for the rule of law. Under the
circumstances presented, we find Hart should be disciplined under RGDP Rule 7,
RGDP Rule 1.3 and ORPC Rule 8.4(b).
Discipline
¶15 Our next task is determining the level of discipline commensurate with
the facts of Hart's case. Although we utilize prior decisions as a barometer for
imposing attorney discipline, the particular facts and circumstances of each
case dictate its resolution. State of Oklahoma ex rel. Okla. Bar Ass'n v.
Townsend, 2012 OK 44, ¶¶
31-32, 277 P.3d 1269,
1279-80.
¶16 The goal in bar disciplinary matters is not punishment, rather it is to
"safeguard the interest of the public, of the courts, and of the legal
profession." State of Oklahoma ex rel. Okla. Bar Ass'n v. Albert, 2007 OK 31, ¶ 11, 163 P.3d 527, 532-533. We must also
weigh the deterrent effect upon the attorney. Conrady, ¶ 16, 275 P.3d at
139. The OBA suggested a suspension of two years and one day. Such a suspension
is both consistent with the aforementioned policy and our prior opinions. Hart's
repeated criminal violations brought embarrassment and discredit to himself and
the legal profession. see State of Oklahoma ex rel. Okla. Bar Ass'n v.
Thompson, 2008 OK 89, ¶ 8,
194 P.3d 1281, 1284 (finding
criminal conduct so objectionable it could do nothing but "undermine public
confidence and trust in the dignity and integrity of the judiciary and the legal
profession.").4 Although given an opportunity to submit a responsive
pleading or mitigating evidence in his support, Hart chose to take no
action.
¶17 We conclude that the appropriate discipline is suspension for a period of
two years and one day from the date of this order. Hart may seek reinstatement
to the OBA pursuant to RGDP Rule 11. Additionally, Hart is directed to give
notice to all clients of his suspension and inability to represent them pursuant
RGDP Rule 9.1.5

IN ACCORDANCE WITH RULE 1.7 AND 7 OF THE RULESGOVERNING
DISCIPLINARY PROCEEDINGS, RESPONDENT IS SUSPENDED FROM THE
PRACTICE OF LAW FOR TWO YEARSAND ONE
DAY.

¶18 Reif, V.C.J., Kauger, Winchester, Edmondson, Taylor, Combs, Gurich, JJ.,
concur.
¶19 Colbert, C.J., concurs in result.

¶20 Watt, J., concurs in part and dissents in part.
"While I concur with the imposition of discipline upon this Respondent, I
would have disbarred him from the practice of law."

FOOTNOTES

1 5
O.S.2011, ch. 1, app. 1-A.

2 At the
time the suspension order was issued, Hart's official roster address was
designated as 7501 E. Apache Street, Tulsa, OK 74115. After delivering the order
to Hart at his roster address, our Order of Immediate Interim Suspension was
returned. But see RGDP Rule 13.1 (recognizing valid service if
mailed to the official roster address).

3 5
O.S.2011, ch. 1, app. 3-A.

4 We also
take judicial notice of Hart's current suspension for non-payment of 2014 OBA
dues issued on June 16, 2014. see State of Oklahoma ex rel. Okla. Bar
Ass'n v. Wilcox, 2009 OK 81,
¶ 29, n.23, 227 P.3d 642,
655.

5 RGDP
Rule 9.1 reads:
When the action of the Supreme Court becomes final, a lawyer who is disbarred
or suspended, or who has resigned membership pending disciplinary proceedings,
must notify all of the lawyer's clients having legal business then pending
within twenty (20) days, by certified mail, of the lawyer's inability to
represent them and the necessity for promptly retaining new counsel. If such
lawyer is a member of, or associated with, a law firm or professional
corporation, such notice shall be given to all clients of the firm or
professional corporation, which have legal business then pending with respect to
which the disbarred, suspended or resigned lawyer had substantial
responsibility. The lawyer shall also file a formal withdrawal as counsel in all
cases pending in any tribunal. The lawyer must file, within twenty (20) days, an
affidavit with the Commission and with the Clerk of the Supreme Court stating
that the lawyer has complied with the provisions of this Rule, together with a
list of the clients so notified and a list of all other State and Federal courts
and administrative agencies before which the lawyer is admitted to practice.
Proof of substantial compliance by the lawyer with this Rule 9.1 shall be a
condition precedent to any petition for
reinstatement.

Citationizer© Summary of Documents Citing This Document

Cite
Name
Level

None Found.

Citationizer: Table of Authority

Cite
Name
Level

Oklahoma Supreme Court Cases
 CiteNameLevel

 2003 OK 101, 81 P.3d 676, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. ASTONDiscussed
 2007 OK 31, 163 P.3d 527, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. ALBERTDiscussed
 2008 OK 89, 194 P.3d 1281, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. THOMPSONDiscussed
 2009 OK 81, 227 P.3d 642, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. WILCOXDiscussed
 2012 OK 44, 277 P.3d 1269, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. TOWNSENDDiscussed
 2012 OK 108, 291 P.3d 198, STATE ex rel OKLAHOMA BAR ASSOCIATION v. KERRDiscussed
 2013 OK 42, 304 P.3d 453, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. COOLEYDiscussed at Length
 2014 OK 1, 318 P.3d 1114, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. WILCOXDiscussed
 2014 OK 20, 323 P.3d 222, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. BERNHARDTCited
 2014 OK 25, 330 P.3d 11, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. ZANNOTTIDiscussed
Title 47. Motor Vehicles
 CiteNameLevel

 47 O.S. 11-902, Persons Under the Influence of Alcohol or Other Intoxicating Substance or Combination ThereofCited
 47 O.S. 6-303, Driving While License Under Suspension or Revocation - PenaltiesCited
 47 O.S. 7-606, Failure to Maintain Insurance or Security - Failure to Provide Proof of Insurance or Security - PenaltiesCited
 47 O.S. 11-901, Reckless DrivingCited